IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CAREY DALE GRAYSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:12-CV-316-WKW |
| | ) | (WO – Do Not Publish) |
| BILLY SHARP, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This court has seven 42 U.S.C. § 1983 lethal injection lawsuits currently pending before it, all at various stages of litigation: the instant case (filed April 6, 2012); *Arthur v. Myers, et al.*, 2:11-cv-438-WKW (filed June 8, 2011); *Frazier v. Myers, et al.*, 2:13-cv-781-WKW (filed October 21, 2013); *Boyd v. Myers, et al.*, 2:14-cv-1017-WKW (filed October 2, 2014); *Roberts v. Myers, et al.*, 2:14-cv-1028-WKW (filed October 3, 2014); *Myers v. Myers, et al.*, 2:14-cv-1029-WKW (filed October 3, 2014); and *Hunt v. Myers, et al.*, 2:14-cv-1030-WKW (filed October 3, 2014). All of these cases present similar claims of the plaintiffs and defenses of the State. Three of these cases, *Frazier*, *Boyd*, and *Roberts*, have motions to set execution dates pending before the Alabama Supreme Court.[1] No motion to set an

---

[1] On March 17, 2015, the State moved the Alabama Supreme Court to hold these motions in abeyance, but the Alabama Supreme Court has not yet ruled on these motions.

execution date was filed in this case, and execution dates were recently set by the Alabama Supreme Court in *Hunt* (April 16, 2015) and *Myers* (June 18, 2015). The February 19, 2015 execution date in *Arthur* was recently stayed pending a trial on May 5–6, 2015, and a final decision by the court.

On March 17, 2015, the court held a joint telephone status conference in *Frazier*, *Roberts*, and *Boyd*. Counsel for those plaintiffs and the State participated.[2] Based upon the representations made by both the plaintiffs and the State at this conference, the court reconsidered, *sua sponte*, a motion made by the State in *Arthur* to extend discovery deadlines and to amend the court's scheduling order. *See Arthur v. Myers, et al.*, 2:11-cv-438-WKW (Doc. # 232.) The court had previously granted the State's motion in part, extending the deadlines for expert reports and discovery, but had denied the motion to the extent the State sought a continuance of the May 5–6, 2015 final hearing. *See Arthur v. Myers, et al.*, 2:11-cv-438-WKW (Doc. # 235.)

However, following the March 17, 2015 joint status conference, the court reconsidered one of the grounds given by the State for a continuance of the May 5–6, 2015 final hearing in *Arthur*, namely, that the United States Supreme Court's upcoming decision in *Glossip v. Gross* will affect many of the questions facing the

---

[2]     Although this case, *Hunt*, and *Myers* were not technically part of the March 17, 2015 telephone conference, counsel for those plaintiffs participated in the conference, albeit indirectly, since Grayson, Hunt, and Myers are represented by the same counsel as Frazier and Roberts.

court in *Arthur*. *Glossip* will address, among other things, Florida's lethal injection protocol, which is substantially similar to Alabama's, and will likely bear directly on the pleading and proof standards in Eighth Amendment lethal injection claims, as well as the scope and type of discovery that is relevant and appropriate in those cases. As a result, the court found that it was in the interests of justice to continue motion and discovery deadlines and the final hearing in *Arthur* until the Supreme Court decides *Glossip* (with a decision expected by the end of June).

This case involves many of the same issues and defenses as those presented in *Arthur* and, therefore, will also be affected by the Supreme Court's decision in *Glossip*. Moreover, based on a joint status report filed by Grayson and the State on March 18, 2015, a delay of a few months in the progress of this litigation will not prejudice Grayson. (*See* Doc. # 39.) Thus, in light of the foregoing, the court finds it appropriate and in the interests of justice to stay these proceedings until after a decision is issued in *Glossip*.

Accordingly, it is ORDERED as follows:

1. This proceeding is STAYED generally.

2. Within fourteen (14) days from the Supreme Court's decision in *Glossip*, the parties shall jointly, if possible, or individually, if not, file a statement or appropriate motion that informs the court of their respective positions on the issues in this case in view of the *Glossip* decision.

3

3.      The State's Motion to Dismiss (Doc. # 40) is DENIED with LEAVE to REFILE following the Supreme Court's decision in *Glossip*.

DONE this 19th day of March, 2015.

_____
/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE