IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CAREY DALE GRAYSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:12-CV-316-WKW |
| | ) | (WO – Do Not Publish) |
| JEFFERSON S. DUNN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

This is a § 1983 lethal injection challenge. On March 19, 2015, the court entered an order staying this matter until after the United States Supreme Court issued a decision in *Glossip v. Gross*, a § 1983 case that concerned the constitutionality of Oklahoma's lethal injection protocol and specifically addressed the pleading and proof standards for Eighth Amendment lethal injection claims. (Doc. # 41.) The parties were further ordered to file a statement or appropriate motion within fourteen days from the entry of the Supreme Court's decision in *Glossip* informing the court of the parties' "respective positions on the issues in this case in view of the *Glossip* decision." (Doc. # 41.)

The Supreme Court decided *Glossip* on June 29, 2015. *Glossip v. Gross*, No. 14-7955, 2015 WL 2473454, at *1 (June 29, 2015). In rejecting the prisoners' Eighth Amendment method-of-execution claim, the *Glossip* Court held that the

prisoners had failed "to identify a known and available alternative method of execution that entails a lesser risk of pain, a *requirement* of all Eighth Amendment method-of-execution claims" and that the prisoners had "failed to establish that Oklahoma's use of a massive dose of midazolam in its execution protocol entails a substantial risk of severe pain." *Id.* at *3 (emphasis added).  In other words, *Glossip* clarified, among other things, that a successful Eighth Amendment method-of-execution claim "requires a prisoner to plead *and* prove a known and available alternative" method of execution that "is feasible, readily implemented, and in fact significantly reduce[s] a substantial risk of severe pain." *Id.* at *10, 12 (emphasis added) (internal quotation marks omitted).

On July 13, 2015, the State filed a renewed motion to dismiss Grayson's Eighth Amendment method-of-execution claim based on *Glossip*, as well as his Fourteenth Amendment equal protection claim.  (Doc. # 45.)  That same day, Grayson filed a statement in response to the court's March 19, 2015 order asking for leave to amend his first amended complaint if the court determined that it did not adequately satisfy *Glossip*'s pleading requirements.  (Doc. # 46.)  The court has reviewed Grayson's first amended complaint and determined that it does not meet *Glossip*'s pleading requirements.  Although Grayson claims that he plead on page 13 of his first amended complaint that the Alabama Department of Corrections could use, as an alternative, a single-drug protocol with pentobarbital (*see* Doc. # 46, p. 5),

2

these allegations are, at most, a commentary about the Supreme Court's decision in *Baze v. Rees*, 553 U.S. 35 (2008), and the drug protocols used by other states in 2014 and at least one state in 2015. They do not sufficiently plead an alternative method of execution that is feasible and readily available to the Alabama Department of Corrections and that will also significantly reduce a substantial risk of causing Grayson severe pain during his execution. As a result, the court will give Grayson leave to amend his complaint to correct this deficiency.

Accordingly, based on the foregoing, it is ORDERED as follows:

1. The stay of this proceeding by order dated March 19, 2015 (Doc. # 41) is LIFTED.

2. Grayson shall FILE an amended complaint that complies with Local Rule 15.1, **on or before August 18, 2015**, to correct the deficiency outlined above. Failure to do so will result in dismissal of Grayson's Eighth Amendment claim.

3. The State's renewed motion to dismiss (Doc. # 45) is DENIED with LEAVE TO REFILE following the filing of Grayson's amended complaint. The State shall answer or otherwise respond to Grayson's amended complaint no later than fourteen (14) days from the date it is filed.

DONE the 24th day of July, 2015.

                                    /s/ W. Keith Watkins
                          CHIEF UNITED STATES DISTRICT JUDGE