IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CAREY DALE GRAYSON,<br>DEMETRIUS FRAZIER,<br>DAVID LEE ROBERTS,<br>ROBIN DION MYERS,<br>GREGORY HUNT,<br><br>          Plaintiffs,<br>and<br><br>CHRISTOPHER E. BROOKS,<br><br>          Intervenor Plaintiff,<br>vs.<br><br>JEFFERSON S. DUNN, *et al*<br><br>          Defendants. | CASE NOS. 2:12-CV-0316-WKW<br>            2:13-CV-0781-WKW<br>            2:14-CV-1028-WKW<br>            2:14-CV-1029-WKW<br>            2:14-CV-1030-WKW<br>**EXECUTION DATE SET FOR<br>JANUARY 21, 2016** |

**CHRISTOPHER BROOKS' RESPONSE TO DEFENDANTS' "OFFER"
OF CONSENT JUDGMENT**

As they did in the other five cases that comprise the Midazolam Litigation, Defendants moved to dismiss Brooks' intervenor complaint, but also stated that if the court did not dismiss the case, they would "consent to judgment." Specifically, Defendants asked this Court to enter a judgment allowing them to execute Brooks by "an initial 500-milligram bolus of midazolam" followed by "an additional 500-milligram dose of midazolam, if needed, until Brooks' sentence is carried out."[1] Defendants expressly state they want to maintain the present three-drug regimen and insist that it is constitutional.[2]

What Defendants did not state in their motion, or in any of the previous five motions they

---

[1] Doc. 73, p. 35.
[2] Doc. 73, p. 3.

1

have filed making this "offer," is that they did so without even *having* a single-drug protocol using midazolam. Defendants have asked this Court to enter a judgment allowing them to execute Brooks without a written execution protocol.. But, even if this protocol will someday exist,[3] Defendants' "offer" does not resolve the underlying issue in his complaint: whether the three-drug protocol is unconstitutional. This Court should not enter Defendants' proposed judgment.

**I. Defendants' "offer" is illusory and should be rejected because they do not have a one-drug protocol using midazolam.**

On December 1, 2015, for the sixth time since August 2015, Defendants "offered" to execute an individual inmate by using midazolam in a single-drug protocol.[4] What was not known until after that filing was that this "offer" was illusory, because Defendants have not developed a one-drug midazolam execution protocol. The fact that Defendants proposed to execute six inmates without a written protocol was revealed for the first time during a telephone status hearing on December 1, 2015. This revelation resulted in the Court entering an order requiring Defendants to produce such a protocol by December 4, 2015.[5]

Defendants have never mentioned in any pleading that they did not have a one-drug protocol. Defendants had the opportunity nearly a month ago to inform the Court that they did not have a one-drug protocol, and did not do so. On November 4, 2015, at a hearing in the Midazolam Litigation, the Court told Defendants:

> I'm going to need, as of a given date, your current protocols, plural, because if you
> have a protocol for a single dose, which you have suggested that you would consent
> to, I'm going to need, under seal, a copy of your protocols.[6]

---

[3] This Court has ordered Defendants to provide it with such a protocol by noon on Friday, December 4, 2015. Doc. 75.

[4] Doc. 73, p. 3. *See also Grayson v. Myers*, 2:12-CV-0316-WKW, Doc. 49; *Frazier v. Myers*, 2:13-CV-0781-WKW, Doc. 40; *Roberts v. Myers*, 2:14-CV-1028-WKW, Doc. 34; *Myers v. Myers*, 2:14-CV-1029-WKW, Doc. 37;  *Hunt v. Myers*, 2:14-CV-1030-WKW, Doc. 43.

[5] Doc. 75.

[6] Transcript, 11/4/15 Status Hearing, p. 21.

2

Defendants did not inform the Court at that time that no one-drug protocol existed. Indeed, it was

not until asked directly at a telephonic status conference on December 1, 2015, that counsel for

Defendants admitted that there is no one-drug protocol.

This Court cannot enter, and Brooks will not agree to, a judgment that is illusory.

Defendants apparently believe that they can end this case simply by stating that they would execute

Brooks and his co-plaintiffs  using a particular drug, with no additional details as to equipment,

training, safeguards, personnel, or any of the myriad other factors entailed in a true execution

protocol. The so-called "protocol" they have alluded to does not even exist.[7]  For this reason alone,

this Court should reject Defendants' illusory offer to consent to judgment.

**II. Even if Defendants' "offer" was not illusory, it has not been negotiated with Brooks, has not been approved by this Court and is not in the best interests of justice because it will leave unresolved the basic question in this case.**

Defendants informed the Court, as it did in the other five cases making up the Midazolam

Litigation, that should this Court not dismiss Brooks' complaint, they would "consent" to executing

Brooks by using midazolam, giving repeated doses until Brooks is dead. Defendants maintain that

Brooks' complaint should be dismissed,[8] and explicitly state that this "offer" does not include any

acknowledgement that the present protocol is unconstitutional,[9] yet expect Brooks and this Court to

accept their "offer" and enter a judgment. This misapprehends the nature of a consent judgment.

Defendants cannot force a settlement on Brooks or this Court. Entry of Defendants' proposed

"consent judgment" is not in the interests of justice because it would not resolve the underlying

issue in this case: the constitutionality of Alabama's three-drug execution protocol.

---

[7] Without a written protocol that passes Eighth Amendment scrutiny, and strict adherence to that protocol, the Defendants would violate the 14th Amendment by selectively introducing risk into some executions that is not others. *Cooey v. Kasich*, 801 F. Supp. 2d 623, 653 (S.D. Ohio 2011).

[8] *Id.* at p. 1.

[9] *Id.* at p. 3.

3

### A. Consent decrees cannot be forced on parties or on this Court.

A District Court's discretion should be exercised in favor of voluntary settlement of litigation.[10] However, even if a consent decree in federal court is a resolution to a dispute that is negotiated by the parties, the District Court must not give it perfunctory approval.[11] It must be fair, reasonable and not violate public policy.[12] Defendants have turned the idea of a consent decree on its head by attempting to force it on Brooks and this Court, and their "offer" should be rejected.

The Supreme Court has recognized that "[c]onsent decrees are entered into by parties to a case after careful negotiation has produced agreement on their precise terms."[13] "[I]t is the parties' agreement that serves as the source of the court's authority to enter any judgment at all."[14] Where a court enters a Consent Judgment and Order that is not the product of an agreement by the parties, entry of that Consent Judgment is improper.[15] A district court may not "require the parties to accept a settlement to which they have not agreed."[16]

Defendants did not approach counsel for Brooks before proposing this "consent judgment" and have not contacted counsel for Brooks in an attempt to settle this matter. Brooks' pleading of an alternative, as required by the Supreme Court, does not constitute an agreement to a consent decree.

---

[10] *Turtle Island Restoration Network v. U.S. Dept. of Commerce*, 834 F.Supp.2d 1004, 1009 (D. Haw. 2011).
[11] *Id.*
[12] *Sierra Club v. Elec. Controls Design, Inc.*, 909 F.3d 1350, 1355 (9th Cir. 1990).
[13] *United States v. Armour & Co.*, 402 U.S. 673, 681 (1971).
[14] *Local No. 93 v. City of Cleveland*, 478 U.S. 501, 522 (1986); *Harris v. Pernsley*, 820 F.2d 592, 603 (3d Cir.1987) ("The source of the district court's authority to enter a consent decree is the parties' agreement.").
[15] *See, e.g., Kean v. Adler*, 65 Fed.Appx. 408 (3d Cir.2003) ( "[W]ithout the consent of the parties to the settlement, a court lacks the power to enter a judgment purportedly based on consent.") (citing *Reynolds v. Roberts*, 251 F.3d 1350, 1357 (11th Cir.2001)).
[16] *Evans v. Jeff D.*, 475 U.S. 717, 726 (1986).

Further, the "consent judgment" proposed by Defendants is nothing of the sort. It is merely an attempt to execute Brooks without permanently changing their protocol, or indeed, even writing a different protocol. Adoption of an alternative method of execution is only needed if the method Defendants presently use is deemed to be unconstitutional. Defendants' proposed consent judgment would not resolve the underlying question: is the present protocol unconstitutional? A consent judgment is just that: a judgment arrived at by consent of both parties and this Court. Defendants' proposal is a one-sided declaration that is not a "judgment" and does not resolve any of the issues in this case.[17]

**B. Defendants' proposal creates the possibility of hundreds of different execution drug regimens.**

This Court should also reject Defendants' "offer" because it would be a significant deviation from the present execution protocol and if permitted, could lead to the specter of having hundreds of drug regimens.

An execution protocol is far more than the drugs that are used to carry out the execution. Defendants' "offer" implies that execution drugs are the only part of the protocol that matters. This is consistent with Defendants' complete failure to create a one-drug execution protocol even though they asked this Court to enter an order allowing them to carry out such an execution.

Defendants made clear in their "offer" that they were not admitting that the present execution protocol is unconstitutional. Therefore, the present protocol would still be in place, but individualized drug regimens could be used for those inmates who challenge the protocol and propose an alternative drug regimen. There are, according to the Department of Corrections

---

[17] Defendants have not "confessed" judgment, which they *can* do unilaterally and would entail an admission that the present protocol is unconstitutional. *See Belk v. Dzierzanowski*, 571 F.Supp.2d 1346 (N.D. Ga. 2008) (It was appropriate for the District Court to enter a judgment on punitive damages when Defendant confessed judgment in the maximum amount of punitive damages allowable by law.)

website, 188 inmates presently on death row in Alabama.[18] This means that Defendants could theoretically agree to 188 different execution protocols, all while leaving the one that they adopted intact and the question of its constitutionality unresolved. This Court should refuse Defendants' "offer" as not being in the best interests of justice, and this Court should allow the question of the constitutionality of Alabama's present execution protocol to be finally resolved.

## III. Conclusion

Defendants have made an "offer" of a consent judgment that is illusory and based on an execution protocol that does not exist. It does not resolve any of the key issues in the case. It is solely done out of a desire to execute Mr. Brooks quickly and before the constitutionality of the present protocol is resolved. This Court should reject this illusory "offer."

Respectfully submitted,


/s/ John Anthony Palombi

John Anthony Palombi
Assistant Federal Defender
Federal Defenders
Middle District of Alabama
817 S. Court Street
Montgomery, AL 36104
(334)-834-2099
John_Palombi@fd.org

Counsel for Intervenor Plaintiff
Christopher Brooks

---

[18] http://www.doc.alabama.gov/DeathRow.aspx.

6

**CERTIFICATE OF SERVICE**

This Response was filed on December 3, 2015. Service was effectuated on counsel of record

for all defendants through the CM/ECF system.

/s/John Anthony Palombi
John Anthony Palombi
Assistant Federal Defender
Federal Defenders, Middle District of Alabama
817 South Court Street
Montgomery, Alabama 36104
Phone: (334) 834-2099
E-mail: John_Palombi@fd.org
KY Bar Code: 86784

Counsel for Christopher E. Brooks, Intervenor Plaintiff