IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CAREY DALE GRAYSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.  2:12-CV-0316-WKW |
| | ) | |
| JEFFERSON S. DUNN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

and,

| | | |
|---|---|---|
| CHARLES LEE BURTON, | ) | |
| ROBERT BRYANT MELSON, | ) | |
| RONALD BERT SMITH, | ) | |
| GEOFFREY TODD WEST, | ) | |
| TORREY TWANE MCNABB, | ) | CASE NOS.  2:16-CV-0267-WKW |
| | ) | 2:16-CV-0268-WKW |
| Plaintiffs, | ) | 2:16-CV-0269-WKW |
| | ) | 2:16-CV-0270-WKW |
| v. | ) | 2:16-CV-0284-WKW |
| | ) | |
| JEFFERSON S. DUNN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

It having appeared to the court that "[t]he parties all agree that (1) midazolam is available, (2) it is feasible, (3) it is readily implementable, and (4) it is not risky with regard to unnecessary pain and suffering," Plaintiff Ronald Bert Smith was directed to show cause why the court should not order Defendants to execute him using the method pled in his complaint, "a large initial dose of midazolam, followed by continuous infusion" until his sentence is carried out.  (Doc. # 200.)  Smith responded, *inter alia*, (1) that the court cannot enter such an order without first finding the current three-drug protocol unconstitutional, invalidating it, and enjoining its future use; (2) Smith's complaint had an error when referencing 500 mg of midazolam; it should have been 2500 mg; and (3) Smith included additional requirements: "necessary equipment and sufficient training," plus a plan to deal with a supposed "paradoxical reaction" that allegedly occurs in 2 percent of the population.  (Doc. # 201.)  As Smith well knows, the law does not require, and has never required, these elements in lethal injection cases.[1]  Defendants strongly resist all such requirements, as well as each of Smith's positions.  (Doc. # 203.)

---

[1] *See, e,g.*, *Glossip v. Gross*, 135 S. Ct. 2726, 2740, *reh'g denied*, 136 S. Ct. 20 (2015) (rejecting the argument that the potential risks from 1 to 10 percent of paradoxical reactions to midazolam rendered midazolam's use in executions unconstitutional under the Eighth Amendment and noting that "the mere fact that a method of execution might result in some unintended side effects does not amount to an Eighth Amendment violation"); *Baze v. Rees*, 553 U.S. 35, 62 (2008) ("The asserted need for a professional anesthesiologist" during the execution "to interpret the BIS monitor readings is nothing more than an argument against the entire procedure, given that both

The unfortunate outcome of this show cause process confirms the court's previous reluctance to sidetrack capital litigation through negotiations.  In view of the lateness of the hour for Mr. Smith, that process—insofar as it involves the court—is hereby ended.

DONE this 18th day of November, 2016.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE

---

Kentucky law, and the American Society of Anesthesiologists' own ethical guidelines prohibit anesthesiologists from participating in capital punishment." (internal citations omitted)).