IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CAREY DALE GRAYSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:12-CV-0316-WKW |
| | ) | |
| JEFFERSON S. DUNN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

and,

| | | |
|---|---|---|
| CHARLES LEE BURTON, | ) | |
| RONALD BERT SMITH, | ) | |
| ROBERT BRYANT MELSON, | ) | CASE NOS. 2:16-CV-0267-WKW |
| GEOFFREY TODD WEST, | ) | 2:16-CV-0268-WKW |
| TORREY TWANE MCNABB, | ) | 2:16-CV-0269-WKW |
| | ) | 2:16-CV-0270-WKW |
| Plaintiffs, | ) | 2:16-CV-0284-WKW |
| v. | ) | |
| | ) | |
| JEFFERSON S. DUNN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

and,

| | |
|---|---|
| JEFFERY LYNN BORDEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) CASE NO. 2:16-CV-0733-WKW |
| v. | ) |
| | ) |
| | ) |
| JEFFERSON S. DUNN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM OPINION AND ORDER

## I. INTRODUCTION

Plaintiffs Charles Lee Burton, Robert Bryant Melson, Geoffrey Todd West, Torrey Twane McNabb, and Jeffery Lynn Borden are Alabama death-row inmates, in the custody of the Alabama Department of Corrections ("ADOC") awaiting their executions.[1]  In April 2016, Burton, Melson, West, McNabb, and another death-row inmate, Ronald Bert Smith, filed separate complaints under 42 U.S.C. § 1983 challenging the constitutionality of Alabama's method-of-execution under the First, Eighth, and Fourteenth Amendments to the United States Constitution. Their complaints contain identical claims and involve questions of fact and law common

---

[1] At present, Burton, Melson, West, McNabb, and Borden do not have execution dates. The State of Alabama has moved the Alabama Supreme Court to set an execution date for Melson, but that motion is pending. *See Melson v. Dunn,* 2:16-cv-268-WKW (M.D. Ala.) (Doc. # 1 at 1.)

2

to the *Midazolam Litigation*. The court consolidated the Burton, Smith[2], Melson, West, and McNabb complaints with the *Midazolam Litigation* for discovery and trial in order to promote judicial economy, eliminate duplication of discovery, and avoid unnecessary costs. (*See* Doc. # 153.) In September 2016, Borden filed a complaint virtually identical to the Burton, Smith, Melson, West, and McNabb complaints. His complaint, too, has been consolidated with the *Midazolam Litigation*. (Doc. # 233.)

This matter is before the court on two motions: (1) Defendants' Consolidated Motion to Dismiss Intervenor Plaintiffs' Complaints[3] (Doc. # 160), and (2) Plaintiffs' Motion for Leave to File Amended Complaints (Doc. # 231 in *Grayson v. Dunn*, 2:12cv316-WKW, and Doc. # 15 in *Borden v. Dunn*, 2:16cv733-WKW.) These motions have been fully briefed and are ripe for review. Plaintiffs' Motion for Leave to File Amended Complaints is due to be denied, and Defendants' Consolidated Motion to Dismiss is due to be granted.

---

[2] Ronald Bert Smith is no longer a party to the *Midazolam Litigation*. On November 18, 2016, the court dismissed Smith's complaint, on Defendants' motion (Doc. # 160), pursuant to Fed. R. Crim. P. 12(b)(6), as being time-barred and for failure to state a claim. (Docs. # 205, 206.) The Eleventh Circuit affirmed on appeal. *Grayson v. Warden*, No. 16-17167, 2016 WL 7118393 (11th Cir. Dec. 7, 2016) (unpublished). Smith was executed on December 8, 2016.

[3] Defendants' designation of these Plaintiffs as "Intervenor Plaintiffs" is a misnomer in the sense that they did not seek to intervene. After the filing of each of their individual cases, they were later consolidated on joint motion with the *Midazolam Litigation*. (Doc. # 153.) For ease of reference, hereafter plaintiffs Burton, Melson, West, McNabb, and Borden will be referred to as "Consolidated Plaintiffs."

A.     **Consolidated Plaintiffs' Capital Litigation History**

Consolidated Plaintiffs all have been convicted of capital murder and sentenced to death. Burton was convicted of capital murder committed during the course of a robbery after he and others robbed the occupants of an auto parts store in which a customer was shot dead. *Burton v. State*, 651 So. 2d 641, 643 (Ala. Crim. App. 1993). McNabb was convicted of two counts of capital murder for killing a Montgomery Police Officer, Anderson Gordon, who was murdered while on duty. *McNabb v. State*, 887 So. 2d 929, 939 (Ala. Crim. App. 2001). Melson was convicted of two counts of capital murder of two or more persons committed during a robbery; he and his codefendant forced the employees of a Popeye's Restaurant into the restaurant's freezer, where they were shot dead. *Melson v. State*, 775 So. 2d 857, 863 (Ala. Crim. App. 1999). West was convicted of capital murder for murder committed during the course of a robbery in which he shot and killed a gas station attendant. *West v. State*, 793 So. 2d 870, 873 (Ala. Crim. App. 2000). Borden was convicted of two counts of capital murder and sentenced to death in 1995 for killing Cheryl Borden, his estranged wife, and her father, Roland Harris, on Christmas Eve 1993. *Borden v. State*, 711 So. 2d 498 (Ala. Crim. App. 1997).

Consolidated Plaintiffs' direct appeals concluded many years ago,[4] and their state post-conviction and federal habeas proceedings have also been concluded for at least a year.[5]

## B.     Consolidated Plaintiffs' Claims

Consolidated Plaintiffs' complaints are nearly identical; the only differences in their complaints concern the factual backgrounds of their capital offenses and their individual litigation histories. They assert the same three causes of action: two Eighth Amendment claims and a right-of-access to the court claim they label as arising under the First, Eighth, and Fourteenth Amendments.

Their first cause of action is an Eighth Amendment claim challenging the ADOC's current execution protocol, alleging that the ADOC's use of midazolam, the first drug to be administered, is unconstitutional. Specifically, they assert that midazolam will not properly anesthetize them to prevent them from feeling an unconstitutional level of pain associated with the injection of potassium chloride, the third drug. On this premise, they claim that Defendants' current execution protocol

---

[4] Burton's direct appeal ended in 1995. *Burton v. Alabama*, 514 U. S. 1115 (1995). McNabb's direct appeal concluded in 2004. *McNabb v. Alabama*, 543 U. S. 1005 (2004). Melson's direct appeal ended in 2001. *Melson v. Alabama*, 532 U. S. 907 (2001). West's direct appeal concluded in 2001. *West v. Alabama*, 122 S. Ct. 116 (2001). Borden's direct appeal concluded in 1998. *Borden v. Alabama*, 525 U. S. 845 (1998).

[5] *Burton v. Thomas*, 134 S. Ct. 249 (2013); *McNabb v. Thomas*, 135 S. Ct. 951 (2015); *Melson v. Thomas*, 134 S. Ct. 905 (2014); *West v. Thomas*, 133 S. Ct. 1644 (2013). *Borden v. Thomas,* 566 U. S. ____, No. 11-8303 (April 16, 2012).

creates a "substantial risk of serious harm," *Baze v. Rees*, 553 U. S. at 50, and violates their right to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution. Instead of midazolam used in a three-drug, lethal injection protocol, Consolidated Plaintiffs propose three alternative methods of execution, using either pentobarbital, sodium thiopental, or a 500-milligram dose of midazolam in a one-drug, lethal injection protocol.

In their second cause of action, Consolidated Plaintiffs challenge that part of the ADOC's execution protocol known as the consciousness assessment. They claim that it is inadequate to ensure that they are sufficiently anesthetized prior to being injected with the remaining two drugs, which creates a substantial risk of unconstitutional pain, in violation of the Eighth Amendment.

Consolidated Plaintiffs' third cause of action is that their right to meaningful access to the courts requires their counsel, as a witness to their executions, have access to a cellular phone or a landline telephone until their executions are complete. They contend that the ADOC's policy prohibiting phone access to their counsel during their executions denies them that right, in violation of the First, Eighth, and Fourteenth Amendments.

## II. DISCUSSION

### A.   Defendants' Consolidated Motion to Dismiss

Defendants have moved to dismiss Consolidated Plaintiffs' complaints *in toto*, pursuant to Federal Rule of Civil Procedure 12(b)(6), for three independent reasons: (1) these complaints are subject to dismissal at this juncture, without trial, because it is clear from the face of the complaints that all three claims are time-barred; (2) all three claims fail to state a claim for which relief can be granted; and (3) because Consolidated Plaintiffs have unreasonably delayed in bringing their claims, their complaints are subject to dismissal under the doctrine of laches.[6]

Upon consideration of Defendants' Consolidated Motion to Dismiss Intervenor Plaintiffs' Complaints as to Burton, Melson, West, McNabb, and Borden[7], the court notes that the claims they assert are identical to Smith's claims. As noted earlier, except for the factual background of these plaintiffs' capital offenses and litigation histories, their complaints are cookie-cutter complaints: they raise the same claims and request the same relief. Since Consolidated Plaintiffs'

---

[6] As filed, Defendants' Consolidated Motion to Dismiss Intervenor Plaintiffs' Complaints (Doc. # 160), applied to Burton, Smith, Melson, West, and McNabb. Because Smith had a pending execution date, the court expedited consideration of Defendants' motion to dismiss Smith's complaint, but did not entertain Defendants' motion to dismiss as to the other Consolidated Plaintiffs – Burton, Melson, West, McNabb, and Borden – at that time.

[7] After Borden's complaint was consolidated with the Midazolam Litigation, pursuant to the terms of that consolidation order (Doc. # 233), Defendants' motion to dismiss also applied to Borden's complaint.

direct appeals concluded many years ago, as noted above (*see* note 4 on page 5) and since their state post-conviction and federal habeas proceedings have also been concluded for at least a year (*see* note 5 on page 5), their claims, just like Smith's claims, are time-barred.

Therefore, the court's analysis of Defendants' Consolidated Motion to Dismiss Intervenor Complaints (Doc. # 160) as it pertains to Smith's complaint (2:16cv269-WKW) is equally applicable to the remaining Consolidated Plaintiffs' complaints. In the interests of judicial economy and preservation of limited judicial resources, the court adopts and incorporates by reference herein Section "II. DISCUSSION" of the Memorandum Opinion and Order entered on November 18, 2016 (Doc. # 205 at 5 – 16 in 2:12cv316), which dismissed Smith's complaint as time-barred. For these same reasons, Consolidated Plaintiffs' complaints are due to be dismissed.

**B.     Plaintiffs' Motion for Leave to File Amended Complaints**

Rule 15 of the Federal Rules of Civil Procedure governs the amendment of pleadings. After a responsive pleading has been filed, as in the present case, a party may only amend its pleading either with the consent of the opposing party or with leave of court. Fed. R. Civ. P. 15(a)(2). The rule instructs courts to "freely give leave when justice so requires." *Id. See also Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F. 3d 1327, 1344 (11th Cir. 2010). "The decision whether to grant leave to amend a

complaint is within the sole discretion of the district court." *Laurie v. Ala. Court of Crim. App.*, 256 F. 3d 1266, 1274 (11th Cir. 2001). A court may deny leave to amend if there is a substantial reason to do so, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U. S. 178, 182 (1962); *In re Engle Cases*, 2014 WL 4435893, at *19 (11th Cir. Sept. 10, 2014).

Consolidated Plaintiffs seek leave to amend for two reasons: (1) for the ostensible purpose of correcting what they term "a drafting error in the third alternative method of execution,"[8] and (2) to add allegations relating to the execution of Ronald Bert Smith in December 2016. (Doc. # 231 at 1.) Their proposed Amended Complaints also contain another amendment: Consolidated Plaintiffs added nitrogen asphyxiation as a fourth alternative method of execution. *See* Doc. # 231-1 at 20-21.

Assuming that all other considerations weighed in favor of permitting Consolidated Plaintiffs to file Amended Complaints, *viz.*, there was no undue delay,

---

[8] Plaintiffs propose to amend paragraphs 68-71 of their Complaints to change the bolus dose in the single-drug midazolam protocol from 500 milligrams (the amount stated in the original complaints, *see* Doc. # 160-1, ¶ 66), to 2,500 - 3,750 milligrams (the amount stated in the Amended Complaints, *see* Doc. # 231-1, ¶ 70).

bad faith, dilatory motive, *et cetera*, their Motion for Leave to File Amended Complaints, nevertheless, is due to be denied because the new allegations contained in their proposed Amended Complaints are futile; their proposed amendments cannot survive a dispositive motion. *See Foman v. Davis*, 371 U. S. at 182 (1962); *In re Engle Cases*, 2014 WL 4435893, at *19 (11th Cir. Sept. 10, 2014).

### 1.  *Eighth Amendment Midazolam Claim*

Consolidated Plaintiffs seek to amend this claim in two different respects:  (1) they propose to change the bolus dose in the single-drug midazolam protocol from 500 milligrams to 2,500 – 3,750 milligrams, and (2) they propose to add a fourth alternative method of execution (nitrogen asphyxiation) to the three alternatives contained in their original complaints.  These proposed amendments are futile because the underlying Eighth Amendment midazolam claim they seek to amend is time-barred.  Amending an untimely claim will not make it timely.

Consolidated Plaintiffs and Ronald Bert Smith asserted the identical Eighth Amendment midazolam claim.  As stated earlier, on November 18, 2016, the court dismissed Smith's claim because it was time-barred on the face of the complaint because "the true nature of his Eighth Amendment claim" was a challenge to "the three-drug, lethal-injection execution protocol, regardless of the first drug administered[.]" *See Grayson v. Dunn*, No. 2:12-cv-316-WKW, 2016 WL 6832630, at *3 (M.D. Ala., Nov. 18, 2016) (Doc. # 205.)  The court observed that Smith "could

have challenged the ADOC's use of a three-drug protocol any time after it was implemented fourteen years ago on July 31, 2002, but he failed to do so until 2016." *Id*. The Eleventh Circuit affirmed, concluding that Smith's "allegations pose a general challenge to the use of a three-drug protocol—and the pain caused by the paralytic and the potassium chloride used as the last two drugs in the protocol— rather than to the use of midazolam per se." *Grayson v. Warden*, No. 16-17167, 2016 WL 7118393, at *5 (11th Cir. Dec. 7, 2016).

Consolidated Plaintiffs' identical Eighth Amendment claim is likewise time-barred. Permitting them to amend this claim would be an exercise in futility because the proposed amendments do not change the fact that the underlying claim they seek to amend is time-barred.

### 2. *Eighth Amendment Consciousness Assessment Claim*

Consolidated Plaintiffs also challenge that portion of the ADOC's execution protocol known as the "consciousness assessment" as being constitutionally deficient. Specifically, they claim that during an execution, the ADOC employs a procedure that is performed by a correctional officer who has no medical training (Doc. # 160-4, ¶¶ 70-71), and that this procedure is inadequate to assess anesthetic depth, all in violation of the Eighth Amendment. (Doc. # 160-4, ¶ 77.) Consolidated Plaintiffs request that Defendants be enjoined from executing them with a constitutionally deficient consciousness assessment.

Consolidated Plaintiffs assert the identical Eighth Amendment consciousness assessment claim as Ronald Bert Smith. This claim is based on alleged events that occurred during the Christopher Brooks execution in January 2016. On November 18, 2016, the court dismissed Smith's claim because it was time-barred. *See Grayson v. Dunn*, No. 2:12-cv-316-WKW, 2016 WL 6832630, at *5 (M.D. Ala., Nov. 18, 2016) (Doc. # 205 at 13-14.) The Eleventh Circuit affirmed. *Grayson v. Warden*, No. 16-17167, 2016 WL 7118393, at *7 (11th Cir. Dec. 7, 2016) (unpublished).

The court's analysis of Smith's consciousness assessment claim is equally applicable to Consolidated Plaintiffs' identical claim. That claim is time-barred. Neither the alleged events occurring at the Christopher Brooks execution in January 2016, nor the alleged events occurring at the Smith execution in December 2016 will revive that claim.[9] Permitting them to amend this claim would be an exercise in

---

[9] The proposed amended complaints are entirely devoid of any suggestion as to *why* an executioner, or a court for that matter, would *ever* suspend an execution after a deadly dose of a chemical has been given to a prisoner. The Constitution prohibits *cruel and unusual* punishment, not painful punishment. Thanks to the paradoxical efforts of capital litigation counsel over the years, trained medical personnel are generally loathe to participate in an execution, even to make it relatively painless. Moreover, what counsel frequently tout as safer alternatives to midazolam, sodium thiopental and pentobarbital, have been made entirely unavailable by the same or similar arguments of the same or similar counsel in same or similar prior capital litigation. *See* "4. *Alternative Method Evidence: Hippocrates and Hypocrites*" (Doc. # 192 at 24-28.) Accordingly, the mere suggestion that someone stop an execution after a deadly dosage of a chemical is, without any medical evidence for it, itself a cruel and unusual idea. It is very likely to result in a *real* botched execution as opposed to surreal suggestions of botched executions heretofore put forward by capital litigators. The same applies for a phone call to a judge after deadly doses have been administered to a prisoner. Under any analysis, the very idea of a judge interfering borders on the insane. To the extent that lethal injection has been medically hobbled, it is the responsibility of

12

futility because the proposed amendments do not change the fact that the underlying claim they seek to amend is untimely.

### III. CONCLUSION

Accordingly, it is ORDERED that:

1. Consolidated Plaintiffs' Motion for Leave to File Amended Complaints (Doc. # 231), and Plaintiff Jeffery Lynn Borden's Motion for Leave to File Amended Complaint filed in *Borden v. Dunn*, 2:16-cv-733-WKW (Doc. # 15) are DENIED.

2. Defendants' Consolidated Motion to Dismiss Intervenor Plaintiffs' Complaints (Doc. # 160) is GRANTED.

3. Judgment is entered in Defendants' favor on Consolidated Plaintiffs' claims in the following actions:

  a. *Charles Lee Burton v. Jefferson S. Dunn, et al.*, 2:16-CV-0267-WKW (M.D. Ala.);

  b. *Robert Bryant Melson v. Jefferson S. Dunn, et al.,* 2:16-CV-0268-WKW (M.D. Ala.);

  c. *Geoffrey Todd West v. Jefferson S. Dunn, et al.*, 2:16-CV-0270-WKW (M.D. Ala.);

---

the capital bar. To the extent that there may be some risk of pain due to the absence of medical personnel in the process, collective capital counsel over the last thirty years bear the liability. Nevertheless, some risk of pain is not the measure by a mile; cruel and unusual punishment is the measure, and these allegations do not measure up, even nearly.

   d. *Torrey Twane McNabb v. Jefferson S. Dunn, et al.*, 2:16-CV-0284-WKW (M.D. Ala.);

   e. *Jeffery Lynn Borden v. Jefferson S. Dunn, et al.*, 2:16-CV-0733-WKW (M.D. Ala.).

   5. This is a FINAL and APPEALABLE Order as to Plaintiffs Charles Lee Burton, Robert Bryant Melson, Geoffrey Todd West, Torrey Twane McNabb, and Jeffery Lynn Borden. A separate judgment will be entered.

   DONE this 31st day of March, 2017.

            /s/ W. Keith Watkins
           CHIEF UNITED STATES DISTRICT JUDGE