# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

June 02, 2017

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 17-11536-P
Case Style: Geoffrey West, et al v. Commissioner, Alabama DOC, et al
District Court Docket No: 2:12-cv-00316-WKW-CSC

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.**

The enclosed order has been ENTERED.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: David L. Thomas
Phone #: (404) 335-6171

MOT-2 Notice of Court Action

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-11536-P

_____

CHARLES LEE BURTON, 2:16-cv-0267

                  Consol Plaintiff - Appellant,

         versus

WARDEN,
COMMISSIONER, ALABAMA DOC,

                   Defendants - Appellees.

_____

ROBERT BRYANT MELSON, 2:16-cv-0268

                  Consol Plaintiff - Appellant,

         versus

WARDEN,
COMMISSIONER, ALABAMA DOC,

                   Defendants - Appellees.

_____

GEOFFREY TODD WEST, 2:16-cv-0270

                  Consol Plaintiff - Appellant,

         versus

WARDEN,
COMMISSIONER, ALABAMA DOC,

                                          Defendants - Appellees.

_____

TORREY TWANE MCNABB, 2:16-cv-0284

                                          Consol Plaintiff - Appellant,

versus

WARDEN,
COMMISSIONER, ALABAMA DOC,

                                          Defendants - Appellees.

_____

JEFFREY LYNN BORDEN, 2:16-cv-0733

                                          Consol Plaintiff - Appellant,

versus

WARDEN,
COMMISSIONER, ALABAMA DOC,

                                          Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

BEFORE:  TJOFLAT, ROSENBAUM and JILL PRYOR, Circuit Judges.

BY THE COURT:

These consolidated appeals are of an order of the District Court dismissing identical complaints in five consolidated cases pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  The appellants' consolidated brief has been filed.[2]  The appellees' answer brief is due on June 14, 2017, and appellants' reply brief will be due on June 28, 2017.

Appellant Melson's execution is scheduled for June 8, 2017.  He asks us to stay his execution pending the disposition of his appeal.[3]  Four factors govern our discretion to grant a stay: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be

---

[1] The complaints in the five cases before us, all seeking injunctive relief under 42 U.S.C. § 1983 for the State's anticipated violation of the Eighth and Fourteenth Amendments in connection with their executions, were filed in the District Court on the following dates:  April 15, 2016, Charles Lee Burton, Robert Bryant Melson, and Geoffrey Todd West; April 19, 2016, Torrey Twane McNabb; September 7, 2016, Jeffrey Lynn Borden.
    On April 27, 2016, Burton, Melson, West and McNabb jointly moved the District Court to consolidate their cases.  The Court granted the motion the next day, April 28, and the cases became part of a group of cases the District Court labeled "Midazolam Litigation."
On May 31, 2016, the State moved the District Court to dismiss the cases (with the exception of Borden's) pursuant to Fed. R. Civ. P. 12(b)(6).
    On January 16, 2017, the District Court, noting that Borden's complaint was virtually identical to those in the cases it consolidated on April 28, 2016, added Borden's case to the consolidated group and to the Midazolam Litigation and considered the State's May 31, 2016, motion to dismiss as having been filed in response to Borden's complaint.
    On March 31, 2017, the District Court granted the State's motion to dismiss the five cases here pursuant to Fed. R. Civ. P. 12(b)(6) on the ground that their complaints failed to state a claim for relief.
    On April 6, 2017, the plaintiffs in all five cases filed a notice of appeal, challenging the District Court's dismissal order of March 31.
[2] Appellants are represented by the Federal Defender for the Middle District of Alabama.
[3] On February 26, 2016, the State filed a motion with the Supreme Court of Alabama to set Melson's execution, but the Court did not grant the motion.  On January 18, 2017, the State filed a second motion to set Melson's execution.  The Supreme Court granted the motion on April 4, 2017, setting Melson's execution for June 8, 2017.

irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder,* 556 U.S. 418, 434, 129 S. Ct. 1749, 1761, 173 L. Ed. 2d 550 (2009) (quoting *Hilton v. Braunskill,* 481 U.S. 770, 776, 107 S. Ct. 2113, 2119, 95 L. Ed. 2d 724 (1987)).

Turning to the first factor, which we consider the controlling factor,[4] it is apparent that in deciding whether Melson is likely to succeed on the merits, we would, in effect, be prejudging the merits of his co-appellants' appeals. That is, the decision we reached would, in effect, telegraph the outcome of Melson's co-appellants' appeals, and that would be untenable. We have authority under the All Writs Act[5] to avoid the problem. *Nken*, 556 U.S. at 426, 129 S. Ct at 1756. "[A]s part of its traditional equipment for the administration of justice, a federal court can stay the enforcement of a judgment pending the outcome of an appeal." *Scripps-Howard Radio v. FCC,* 316 U.S. 4, 9–10, 62 S. Ct. 875, 880, 86 L. Ed. 1229 (1942). "That authority was 'firmly imbedded in our judicial system,' 'consonant with the historic procedures of federal appellate courts,' and 'a power as old as the judicial system of the nation.'" *Nken*, 556 U.S. at 427, 129 S. Ct. at 1757 (quoting *Scripps-Howard Radio*, 316 U.S. at 13, 17, 62 S. Ct. at 881, 883). To enable us to

---

[4] In the circumstances of this case, the remaining factors counsel the granting of a stay.
[5] 28 U.S.C. § 1651(a) ("The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.").

process these consolidated appeals in an orderly fashion, we GRANT Melson's application for a stay. His execution is accordingly stayed pending our resolution of these appeals.