# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

September 29, 2017

Spencer Jay Hahn
Federal Defender Program, Inc.
817 S COURT ST
MONTGOMERY, AL 36104-4905

John Anthony Palombi
Federal Defender Program, Inc.
817 S COURT ST
MONTGOMERY, AL 36104-4905

Appeal Number: 17-11536-P
Case Style: Charles Burton, et al v. Commissioner, Alabama DOC, et al
District Court Docket No: 2:12-cv-00316-WKW-CSC

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.**

The enclosed order has been ENTERED.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: David L. Thomas
Phone #: (404) 335-6171

MOT-2 Notice of Court Action

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-11536

_____

CHARLES LEE BURTON, 2:14-cv-01028

                                                      Plaintiff - Appellant,

_____

ROBERT BRYANT MELSON, 2:14-cv-01029

                                                      Plaintiff - Appellant,

_____

GEOFFREY TODD WEST, et al 2:12-cv-00316

                                                      Plaintiffs,

versus

WARDEN,
COMMISSIONER, ALABAMA DOC, Defendants.

_____

TORREY TWANE MCNABB, 2:13-cv-00781

                                                      Plaintiff - Appellant,

_____

JEFFERY LYNN BORDEN, 2:14-cv-01030

Plaintiff - Appellant,

versus

COMMISSIONER, ALABAMA DOC,

WARDEN, CF HOLMAN

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

Before TJOFLAT, ROSENBAUM, and JILL PRYOR, Circuit Judges.

BY THE COURT:

Torrey Twane McNabb is an Alabama death row inmate scheduled to be executed on October 19, 2017.  In *Burton et al. v. Warden, Commissioner, Alabama Department of Corrections*, we reversed the District Court's grant of the Alabama Department of Corrections's ("ADOC") Federal Rule of Civil Procedure Rule 12(b)(6) motion to dismiss Mr. McNabb's complaint, which challenges Alabama's current method of execution via lethal injection, and remanded the case to the District Court for further proceedings.  No. 17-11536, __ F.3d __, 2017 WL 3916984, at *1 (11th Cir. Sept. 6, 2017).  Before the Court now is Mr. McNabb's emergency motion to stay his execution.  For the reasons that follow, we deny Mr.

2

McNabb's motion without prejudice to his seeking an injunction in the District Court.

As a preliminary matter, based on the arguments he has advanced in support of a stay, we construe Mr. McNabb's motion as an application under the All Writs Act, 28 U.S.C. § 1651(a), for an order enjoining his execution.[1] The All Writs Act provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The Act is a codification of the federal courts' "inherent power and . . . constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir. 1986) (en banc).

The Act is an extraordinary remedy that, under exceptional circumstances, provides a court broad authority to issue an appropriate writ. Mr. McNabb has demonstrated that his case presents exceptional circumstances. Nevertheless, due to the procedural posture of his case and timing of his scheduled execution, we

---

[1] Mr. McNabb's "request for a preliminary injunction is not predicated on any independent cause of action; instead, he requests the injunction solely for the purpose of allowing time to pursue his appeal." *Hill v. McDonough*, 464 F.3d 1256, 1258 (11th Cir. 2006). "As such, the injunction sought is not a 'traditional' injunction, but instead one grounded in the authority of the federal courts under the All Writs Act." *Id.*

3

believe Mr. McNabb should seek the relief he requests from the District Court when our mandate issues.

"[D]espite its express language referring to 'aid of . . . jurisdiction,' the All-Writs Act also empowers federal courts to issue injunctions to protect or effectuate their judgments." *Wesch v. Folsom*, 6 F.3d 1465, 1470 (11th Cir. 1993); *see Teas v. Twentieth Century Fox Film Corp.*, 413 F.2d 1263, 1266 (5th Cir. 1969) (a court under the All Writs Act is empowered to "effectuate its judgments *and to prevent any interference with it*." (emphasis added)).[2] The Act gives federal courts the power to "safeguard not only ongoing proceedings, but *potential future proceedings, as well as already-issued orders and judgments*." *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1100 (11th Cir. 2004) (emphasis added).

Nevertheless, "[a] party must ordinarily move first in the district court" for injunctive relief pending appeal, Fed. R. App. P. 8(a)(1), unless doing so would be "impracticable" or the district court has already denied the moving party relief, Fed. R. App. P. 8(a)(2)(A).

Given that our mandate in *Burton* will issue on October 5, 2017, and Mr. McNabb is not scheduled to be executed until two weeks later, on October 19, the District Court will have an opportunity to consider an All Writs Act motion or to

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

effectuate our directive, as we have outlined it in our September 6, 2017 decision in this case. We therefore cannot say that it would be impracticable for Mr. McNabb to seek the relief he requests from the District Court in the first instance.[3] At that stage, that Court will have authority to protect its jurisdiction to resolve Mr. McNabb's claim, taking into account the considerations set forth in this order.[4]

If Mr. McNabb presents the District Court with an All Writs Act injunction request, he "must simply point to some ongoing proceeding, or some past order or judgment, the integrity of which is being threatened by someone else's action or behavior." *Id.* at 1099-1100.[5] In our view he clearly could meet this requirement, as his impending execution would directly threaten the District Court's resolution of his § 1983 claim.

---

[3] Our temporary injunction against Jeffery Borden's execution is consistent with our view here. Given that our mandate will issue on the same day as Mr. Borden's scheduled execution, our injunction in Mr. Borden's case is necessary to allow the District Court an opportunity to receive our mandate and proceed accordingly, including by determining whether an All Writs Act injunction should issue.

[4] And if the District Court decided a motion for injunction under the All Writs Act, we would have jurisdiction to review its decision. *See, e.g.*, *Burr & Forman v. Blair*, 470 F.3d 1019, 1026 (11th Cir. 2006) (reviewing a district court's grant of injunctive relief under the All Writs Act); *United States v. Machado*, 465 F.3d 1301, 1308 (11th Cir. 2006) (reviewing a district court's denial of injunctive relief under the All Writs Act for abuse of discretion); *Klay*, 376 F.3d at 1096 (reviewing a district court's grant of injunctive relief under the All Writs Act).

[5] "The requirements for a traditional injunction," such as a showing of a substantial likelihood of success on the merits of a claim, "do not apply to injunctions under the All Writs Act." *Klay*, 376 F.3d at 1100. Rather, the Act permits a court to "compel acts necessary to . . . facilitate the court's effort to manage the case to judgment" without respect to the merits of the case proceeding to judgment. *Id.* at 1102 (internal quotation marks omitted).

Mr. McNabb also would need to show that the equities lie in his favor.  *See Hill v. McDonough*, 464 F.3d 1256, 1259 (11th Cir. 2006).  In weighing the equities, the District Court can consider that Mr. McNabb was not responsible for the delay in bringing the litigation of his claim to its present posture and therefore the necessity of applying for an All Writs Act injunctive order.  Specifically, Mr. McNabb filed his § 1983 challenge in April 2016, almost a year and a half before the State set his execution date.  Pursuant to the parties' joint motion, the District Court consolidated his case with those of other Alabama inmates challenging the State's lethal injection protocol.  Then, on March 31, 2017, the District Court dismissed Mr. McNabb's complaint pursuant to a Rule 12(b)(6) motion the State had filed in cases consolidated with Mr. McNabb's.  Mr. McNabb timely appealed the dismissal, and his case has since remained in the bosom of this Court pending disposition of his appeal.[6]  In light of this procedural history, a motion to enjoin Mr. McNabb's execution pursuant to the All Writs Act could hardly be described as "dilatory."  *Hill*, 464 F.3d at 1259 (refusing to grant an injunction under the All

---

[6] Indeed, even before we issued a decision in *Burton*, Mr. McNabb moved in the Alabama Supreme Court to vacate the order setting his execution based on this Court's determination in *Grayson* that summary judgment for the State was improper on another group of Alabama death row inmates' § 1983 method of execution challenge.  Then, the morning after our decision in *Burton* issued (which held that the District Court erred in concluding as a matter of law that Mr. McNabb's § 1983 complaint was filed out of time), Mr. McNabb filed a supplemental motion to vacate his execution date in the Alabama Supreme Court.  On September 15, before the Alabama Supreme Court had ruled on the motion to vacate, Mr. McNabb moved for an injunction in this Court.  The Alabama Supreme Court summarily denied Mr. McNabb's motion for a stay on September 22, 2017.

Writs Act to allow a prisoner to pursue his § 1983 claim "on the eve of execution," when the prisoner intentionally delayed filing his claim and seeking reconsideration of his appeal in an effort to "necessitate a stay" of his execution).

For these reasons, we deny Mr. McNabb's motion without prejudice to his ability to seek an injunction in the District Court.

**INJUNCTION DENIED WITHOUT PREJUDICE.**