IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CAREY DALE GRAYSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:12-CV-0316-WKW |
| | ) | |
| JEFFERSON S. DUNN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

and,

| | | |
|---|---|---|
| CHARLES LEE BURTON, | ) | |
| RONALD BERT SMITH, | ) | |
| ROBERT BRYANT MELSON, | ) | CASE NOS. 2:16-CV-0267-WKW |
| GEOFFREY TODD WEST, | ) | 2:16-CV-0268-WKW |
| TORREY TWANE MCNABB, | ) | 2:16-CV-0269-WKW |
| | ) | 2:16-CV-0270-WKW |
| Plaintiffs, | ) | 2:16-CV-0284-WKW |
| v. | ) | |
| | ) | |
| JEFFERSON S. DUNN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

and,

| | | |
|---|---|---|
| JEFFERY LYNN BORDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | CASE NO. 2:16-CV-0733-WKW |
| v. | ) | |
| | ) | |
| | ) | |
| JEFFERSON S. DUNN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

If the State of Alabama follows its usual protocol, Jeffrey Lynn Borden will be executed at 6 p.m. Central Daylight Time today. In an opinion dated September 6, 2017, the Eleventh Circuit Court of Appeals found that Mr. Borden's case should go forward, overruling the March 31, 2017 dismissal of the case in this court on a 12(b)(6) motion to dismiss filed by the State of Alabama. On September 29, 2017, the Eleventh Circuit granted Mr. Borden a stay of execution to October 19, 2017, to give him time to file a properly supported motion for stay of execution in this court, and expressly to allow this court 14 days to address said motion. That was because, the appellate court said, the date of execution and the arrival in this court of the Eleventh Circuit mandate were both scheduled to occur on October 5—today—and "[t]hat would leave no opportunity for the District Court to consider such a motion or to effectuate our directive, as we have outlined it in our September 6, 2017 opinion in this case." (Doc. # 298-1, at 6.) Indeed. Continuing, the Eleventh Circuit

"concluded that an [all writs] injunction is warranted to give the District Court enough time to receive our mandate and proceed accordingly." (Doc. # 298-1, at 10.)

The best-laid plans of the Eleventh Circuit, upon which this court relied, were derailed a little over twenty-four hours before the scheduled execution. Yesterday, October 4, the United States Supreme Court vacated the Eleventh Circuit's injunction enjoining Mr. Borden's execution, without explanation other than that three justices dissented. *Dunn, Com'r, Ala. Dep't of Corr. v. Borden*, 17A360 (U.S. Oct. 4, 2017). Late yesterday, the Eleventh Circuit denied Mr. Borden's subsequent emergency motion for a "traditional stay" with the observation that he had "not offered any evidence to demonstrate a substantial likelihood of success," but without prejudice to his "proffering evidence in support of that motion" in this court. *Burton v. Comm'r, Ala. Dep't of Corr.*, No. 17-11536, slip op. at 2 (11th Cir. Oct. 4, 2017). This morning, just after the mandate issued from the Eleventh Circuit, Mr. Borden did so, but the evidence he pointed to was the same evidence in the voluminous appellate record, but maybe not pointed to (this court does not know and does not have time to find out), in the Court of Appeals and the Supreme Court.

In entering an injunction staying the execution on September 29, the Eleventh Circuit found that the equities weigh heavily in favor of Mr. Borden in an All Writs setting; it did not address the substantial likelihood of success, a showing that is not

3

required under the All Writs Act. The All Writs basis for an injunction was flatly rejected by the Supreme Court, but its action being otherwise inscrutable, not much can be surmised as to how it would treat a traditional injunction with a finding of substantial likelihood of success on the merits. That is where this opinion begins.

This is a 42 U.S.C. § 1983 lethal injection challenge. Before the court is Plaintiff Jeffery Lynn Borden's Emergency Motion to Stay Execution. (Doc. # 298.) Having carefully considered the motion, the parties' respective arguments, and the applicable law, the court finds that Borden's motion is due to be GRANTED.

## I. STANDARD OF REVIEW

This opinion addresses solely Mr. Borden's motion to stay his execution.

Although the U.S. Supreme Court has held that a death row inmate may challenge the constitutionality of execution methods through a 42 U.S.C. § 1983 action, a stay "is not available as a matter of right," even where execution is imminent. *Hill v. McDonough*, 547 U.S. 573, 584 (2006). Rather, "a stay of execution is an equitable remedy[,]" and "equity must be sensitive to the State's strong interest in enforcing its criminal judgments without undue interference from the federal courts." *Id.*; *see also Thompson v. Wainwright*, 714 F.2d 1495, 1506 (11th Cir. 1983) ("Each delay, for its span, is a commutation of a death sentence to one of imprisonment."). Additionally, not only the state, but also the "victims of crime

have an important interest in the timely enforcement of a sentence." *Hill*, 547 U.S. at 584.

A motion for a stay filed by a death row inmate who challenges the method of his execution is treated the same as any other motion for a stay. Hence, a death row inmate receives no preferential treatment by his filing of a motion to stay, and all requirements for a stay must be satisfied. *Hill*, 547 U. S. at 584. The requirements mirror those applicable to obtaining injunctive relief. *Grayson v. Allen*, 491 F.3d 1318, 1322 (11th Cir. 2007) ("The equitable principles at issue when inmates facing imminent execution delay in raising their § 1983 method-of-execution challenges are equally applicable to requests for both stays and injunctive relief."). This means that before a court can issue a stay, it must consider whether the movant has shown "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005); *see also Hill*, 547 U.S. at 584 ("[I]nmates seeking time to challenge the manner of their execution must satisfy all of the requirements for a stay, including showing a significant possibility of success on the merits."). And, the movant must clearly carry the burden of persuasion in order for the court to grant a stay. *See Hill*, 547 U.S. at 584.

Finally, when a motion for a stay of execution is filed on the eve of the execution, "the extent to which the inmate has delayed unnecessarily in bringing the claim" must be considered. *Nelson v. Campbell*, 541 U.S. 637, 649 (2004). A "strong equitable presumption" applies "against the grant of a stay where a claim could have been brought at such a time as to allow consideration of the merits without requiring entry of a stay." *Hill*, 547 U.S. at 584 (quoting *Nelson*, 541 U.S. at 650); *see also Gomez v. U.S. Dist. Court for N. Dist. of Calif.*, 503 U.S. 653, 654 (1992) (*per curiam*) (noting that the "last-minute nature of an application" or an applicant's "attempt at manipulation" of the judicial process may warrant the denial of a stay).

## II. ANALYSIS

### A. <u>Unnecessary Delay</u>

As an initial matter, Mr. Borden was not dilatory in filing his complaint, and no unnecessary delay in this case can be attributed to him. He filed his complaint on September 6, 2016, nearly one year before the State obtained a warrant for his execution on August 28, 2017. The present exigency is not due to Mr. Borden's actions or lack thereof. Thus, this analysis will proceed *without* the strong equitable presumption against entry of a stay because inexcusable delay is not attributable to Mr. Borden.

**B. Substantial Likelihood of Success on the Merits**

Admittedly, the major weakness in Mr. Borden's motion lies in his burden to demonstrate a substantial likelihood of success on the merits that "the challenged method of execution presents a substantial risk of serious harm" and that there is "an alternative that is feasible, readily implemented, and in fact significantly reduce[s] a substantial risk of severe pain." (Doc. # 289, at 7 (citing *Baze v. Rees*, 553 U. S. 35 (2008) (internal quotation marks omitted)).) As to the first prong, Mr. Borden cites, but does not attach, the expert report of Michael Froelich, M.D., M.S., as evidence that "midazolam does not relieve pain, can enhance the perception of pain and even can have a paradoxical effect on the patient, triggering aggression." (Doc. # 298, at 11.) As to the second prong, Mr. Borden cites evidence that he says demonstrates that pentobarbital, sodium thiopental, and a single dose of midazolam are viable alternative methods of execution that would reduce a substantial risk of severe pain. He relies, for example, on the deposition testimony of Dr. Daniel Buffington, who opined on the availability of compounded pentobarbital. (Doc. # 298, at 13.) And the Eleventh Circuit, speaking on the availability of pentobarbital for executions, has highlighted the testimony of Gaylen M. Zenter, Ph.D., that because "pentobarbital sodium for injection is listed in the FDA Orange Book, a publication containing all approved drugs in the United States, and because no active patents covered the product, anyone who has the ingredients can make pentobarbital sodium." (Doc. #

289, at 26 (internal quotation marks omitted).) In addition to this evidence, the fact of dozens of executions in other states using compounded pentobarbital gives the State much to explain, at least from the vantage of this likelihood of success stage.

Whether this evidence is adequate to demonstrate a substantial likelihood of success on the merits (or a "lesser showing" for which Mr. Borden advocates) is questionable. However, in these exigent circumstances, the court finds that the proffer is sufficient to find that Mr. Borden has made out a prima facie case on the *Baze* prongs when balanced against the equites, which tilt the scales in favor of a stay.

C. **The Equities**

This court agrees with the Court of Appeals that the equities, in this emergency setting and in view of the timing, favor Mr. Borden. Added to the finding of the Court of Appeals, this court has insufficient time to address deliberatively the weighty, life-involved issues presented. Because the prejudice to Mr. Borden is so great, the equities strongly outweigh the State's interest in an execution tonight.

### III. CONCLUSION

The Eleventh Circuit has reversed this court and remanded this cause for further proceedings. This court is not authorized to ignore the instructions of the Eleventh Circuit. If Mr. Borden is executed as scheduled, this court will be unable to comply with the Eleventh Circuit's mandate. Given the unusual procedural

8

posture of this case, preservation of this court's ability to comply with the clear directives of the Eleventh Court requires issuance of the injunction requested.

The court concludes that it is more important to make the above findings and get the case back in the appellate stream a few hours before the scheduled execution than to compound the confusion and urgency by spending all day digging deeper into the divisive issues surrounding the death penalty generally and Mr. Borden's case specifically. Accordingly, for the reasons stated above and by the Eleventh Circuit Court of Appeals, and in the face of a mandate, Mr. Borden's Emergency Motion for a Stay of Execution (Doc. # 298) is GRANTED. Mr. Borden's October 5, 2017 execution date is STAYED pending further proceedings in his case, in accordance with the Eleventh Circuit's instructions to the district court.

DONE this 5th day of October, 2017.

/s/ W. Keith Watkins<br>CHIEF UNITED STATES DISTRICT JUDGE