IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| IN RE: ALABAMA LETHAL INJECTION PROTOCOL LITIGATION | CASE NO. 2:12-CV-316-WKW<br><br>DEATH PENALTY CASE<br>NO EXECUTION DATES SET |

**MOTION TO LIMIT TESTIMONY OF
DANIEL BUFFINGTON, Pharm. D.**

Based on information provided by Defendants' counsel,[1] Plaintiffs understand that Daniel Buffington, Pharm. D., will be an expert witness for the defense in this case. Plaintiffs move to limit his testimony to matters within his field of expertise pursuant to *Daubert v. Merrell Dow Pharmaceuticals*.[2]

Federal Rule of Evidence 702 provides that "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the

---

[1] Although, pursuant to this Court's scheduling order, witness lists have not been exchanged, counsel for both sides have provided the names of expert witnesses expected to be called.

[2] 509 U.S. 579 (1993).

1

product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case."

The Supreme Court has made clear that Rule 702 imposes a "gatekeeping role" on district courts to prevent the introduction of purported expert testimony that is insufficiently reliable.[3] This gatekeeping obligation applies "not only to testimony based on 'scientific' knowledge, but also to testimony based on 'technical' and 'other specialized' knowledge."[4] The objective of this "gatekeeping requirement" is to "make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field."[5]

Dr. Buffington,[6] with a degree in pharmacy, certainly qualifies as an expert for some matters under Federal Rule of Evidence 702. However, he is not qualified as an expert on all matters Plaintiffs expect him to testify about. Specifically, Dr. Buffington is qualified to testify about matters concerning dispensing and compounding drugs and their toxicity, but is not qualified to testify in the areas of anesthesiology or pharmacology.

---

[3] *See Daubert*, 509 U.S. at 589, 597; *see also Hudgens v. Bell Helicopters/Textron*, 328 F.3d 1329, 1342 (11th Cir. 2003) (noting "the repeated emphasis the Supreme Court has placed upon the district court's 'gatekeeping' role in the determination of whether expert evidence should be admitted").

[4] *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999).

[5] *Id.* at 152.

[6] Plaintiffs' use of the honorific title "Dr." for Daniel Buffington is not intended to concede that Dr. Buffington's Doctor of Pharmacy degree gives his opinion any weight outside the field of pharmacy, just as the Doctor of Laws degree does not give undersigned counsel's opinion any weight in itself.

Allowing Dr. Buffington to testify about pharmacological or anesthetic properties of midazolam or opine on adequate anesthesia monitoring would exceed the limits of his expertise. The Eighth Circuit has found "no abuse of discretion in the limitation of the testimony of witnesses who, although considered experts in certain areas, were not well-versed in the particular discipline relevant to their testimony."[7] Simply, an expert in pharmacy is not, by dint of that expertise, an expert in pharmacology or anesthesiology, and testimony on those subjects by a pharmacist must be excluded.

## I. Dr. Buffington is not qualified, under *Daubert*, to provide expert testimony in the fields of pharmacology or anesthesiology

There are three fields of study at issue in this case: anesthesiology, pharmacology, and pharmacy. Plaintiffs have obtained experts in each one of those fields to testify in their respective areas of expertise. Defendants have obtained Dr. Buffington. Dr. Buffington, while qualified in pharmacy, is not qualified to testify as an expert witness in the other two fields.

### A. The study of pharmacy

As defined by the Harrison School of Pharmacy at Auburn University, the study of pharmacy is to "prepare students who can provide pharmaceutical care and

---

[7] *See Smith v. Rasmussen*, 249 F.3d 755, 759 (8th Cir. 2001).

are life-long learners."[8] Pharmacy is defined as "[t]he preparation and dispensing of medicinal drugs; the occupation of a druggist or pharmaceutical chemist."[9]

### B. The study of pharmacology

Pharmacology is a branch of biology and defined as: "the study of the effects of drugs and chemicals on living organisms."[10] "Modern pharmacology is inherently interdisciplinary and builds on the strengths of biochemistry, physiology, cell biology, neuroscience, and molecular biology to explore and understand these effects."[11]

### C. The study of anesthesiology

Simply put, an anesthesiologist is a medical doctor with special training in the field of anesthesia. Anesthesia is "[l]oss of feeling or sensation, insensibility."[12]

To summarize, pharmacology can be described as the study of the effect of drugs on living organisms, while pharmacy can be described as the profession of safely dispersing drugs.[13]

---

[8] http://www.auburn.edu/academic/pharmacy/about/index.html. (accessed January 18, 2018).

[9] "pharmacy, n.". OED Online. January 2018. Oxford University Press. http://www.oed.com/view/Entry/142249?redirectedFrom=pharmacy (accessed January 18, 2018).

[10] https://pharmacology.georgetown.edu/phd_pharm.html. (accessed January 18, 2018).

[11] *Id.*

[12] "anaesthesia, n.". OED Online. January 2018. Oxford University Press. http://www.oed.com/view/Entry/6946 (accessed January 18, 2018).

[13] *Dellinger v. Pfizer Inc.*, 2006 WL 2057654, at *8 n.16 (W.D.N.C. July 19, 2006); *Newton v. Roche Labs., Inc.*, 243 F. Supp. 2d 672, 677 n.1 (W.D. Tex. 2002).

## II. Courts properly exclude pharmacists' testimony outside of their field

Courts have excluded testimony of pharmacists when they attempt to render an opinion regarding the effects of drugs on living organisms, because such opinion ventures into the realm of pharmacology, and, therefore, exceeds the scope of a pharmacist's expertise. In *Newton v. Roche Labs.*,[14] the district court precluded a pharmacist with a Pharm. D. degree from testifying about pharmacological effects of a drug. The court held that a pharmacist, even one who "holds himself out" as a pharmacologist, lacks qualifications to render an opinion on pharmacological effects of the drug.[15]

Like Dr. Buffington, the proffered expert in *Newton* never earned a degree beyond a Pharm. D.[16] Like Dr. Buffington, the *Newton* expert never performed research on the drug at issue.[17] Like Dr. Buffington, the *Newton* expert based his opinion on a review of literature.[18] The court pointed out that "an individual's 'review of literature' in an area outside his field does 'not make him any more qualified to testify as an expert . . . than a lay person who read the same articles.'"[19] The *Newton*

---

[14] 243 F. Supp. 2d 672, 677 (W.D. Tex. 2002).

[15] *Id.*

[16] *Id.*

[17] *Id.* at 678.

[18] *Id.*

[19] *Id.* (quoting *United States v. Paul*, 175 F.3d 906, 912 (11th Cir. 1999)).

court held that the party could not present the pharmacist as an expert on the effects of the specific drug at issue on the human body and, even as to presenting him as an expert pharmacologist, "[q]uite frankly, the Court [found] . . . to be an extremely bold stretch."[20]

Another district court followed suit, and also prevented a pharmacist from testifying about the effects of a drug on a human body.[21] "Without a degree in pharmacology, Keeys is not qualified to render a relevant or reliable pharmacological opinion regarding the effects of [a drug]."[22] The court also emphasized that, in addition to a lack of professional training in pharmacology, the would-be expert never performed independent research on the pharmacologic design, efficacy, or mechanism of the drugs at issue.[23] Neither did Dr. Buffington in this case. Like Dr. Buffington's opinion, the proposed expert's opinion in *Dellinger* was not based on his own preexisting, independent research.[24] For these reasons, the *Dellinger* court held that the opinion of a pharmacist is inadmissible on matters of pharmacology.

Similarly, the Fourth Circuit held that the district court did not abuse its discretion in excluding testimony, in its entirety, of a retired pharmacist and

---

[20] *Id.* at 679.

[21] *Dellinger v. Pfizer Inc.*, 2006 WL 2057654, at *8 (W.D.N.C. July 19, 2006).

[22] *Id.*

[23] *Id.*

[24] *Id.* at 10.

toxicologist because he was neither a pharmacologist nor a medical doctor.[25] Like Dr. Buffington, the pharmacist in *Wehling* developed a purported expertise in drug and alcohol testing, particularly in the context of automobile accidents.[26] The trial court concluded (and the Fourth Circuit affirmed) that this experience was not relevant, and the pharmacist was not qualified to testify about the effects of the drug in question on the brain or drug interactions occurring in the human body.[27] Like other courts, the Fourth Circuit also held that "[w]ithout prior training, education, or experience in the field, [the proposed expert's] review of the literature, after he was retained as an expert witness in this suit, was insufficient to qualify him as an expert on the issues in dispute."[28]

Finally, the court in *Devito v. Smithkline Beecham Corp.*,[29] similarly held that a pharmacist cannot opine to a "reasonable pharmacological certainty" about effects of a drug. And like the other courts, the *Devito* court eschewed "litigation-drive[n] expertise" obtained by selective review of the relevant literature.[30] The court precluded the testimony of the proposed "expert."[31]

---

[25] *Wehling v. Sandoz Pharm. Corp.*, 1998 WL 546097, at *4 (4th Cir. 1998).

[26] *Id.*

[27] *Id.*

[28] *Id.*

[29] 2004 WL 3691343, at *7 (N.D.N.Y. Nov. 29, 2004).

[30] *Id.*

[31] *Id.* at *12.

7

## CONCLUSION

Dr. Buffington's testimony on the pharmacological effects of midazolam greatly exceeds Dr. Buffington's field of expertise as a pharmacist. Dr. Buffington's education and experience have little to do with the study of the effects of drugs in the human body, and nothing to do with the induction and maintenance of anesthesia. This Court should limit Dr. Buffington's testimony to the area of pharmacy and prohibit him from testifying in the areas of pharmacology and anesthesiology pursuant to the Federal Rules of Evidence.

Respectfully submitted,

/s/ John Anthony Palombi
John Anthony Palombi
/s/ Spencer Jay Hahn
Spencer Jay Hahn
Assistant Federal Defenders
Federal Defenders, Middle District of Alabama
817 South Court Street
Montgomery, Alabama 36104
Phone: (334) 834-2099
E-mail: John_Palombi@fd.org
KY Bar No. 86784
E-mail: Spencer_Hahn@fd.org
OR Bar No. 043027

Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

This Motion to Limit Testimony was electronically filed on January 19, 2018, and will be served on opposing counsel via CM/ECF.

/s/ Spencer Jay Hahn
Spencer Jay Hahn
Assistant Federal Defender

Counsel for Plaintiffs