IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

IN RE:                                )
ALABAMA LETHAL INJECTION              )   CIVIL ACTION NO. 2:12cv316-WKW
PROTOCOL LITIGATION                   )

**MEMORANDUM OPINION and ORDER**

Now before the court is the defendants' motion for a protective order (doc. # 382) filed on March 22, 2018. The plaintiffs have filed a response in opposition to the motion (doc. # 397) and the court heard oral argument on the motion on April 6, 2018. For the reasons that follow, the court concludes that the motion for a protective order should be denied.

FED.R.CIV.P. 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . " The Committee Comments to FED.R.CIV.P. 26 confirm that requiring relevance to a claim or defense "signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings." GAP Report of Advisory Committee to 2000 amendments to Rule 26.

In determining what discovery to allow, the court is likewise guided by some other fundamental principles. "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

FED.R.CIV.P. 26(b)(1).

> [D]istrict courts have broad discretion in fashioning discovery rulings, they are bound to adhere "to the liberal spirit of the [Federal] Rules." *Burns v. Thiokol Chem. Corp.*, 483 F.2d 300, 305 (5th Cir. 1973). The Federal Rules do not give district courts "blanket authorization . . . to prohibit disclosure of information whenever it deems it advisable to do so, but is rather a grant of power to impose conditions on discovery in order to prevent injury, harassment, or abuse of the court's processes." *Williams v. City of Dothan, Ala.,* 745 F.2d 1406, 1416 (11th Cir. 1984) (quoting *Bridge C.A.T. Scan Assocs. v. Technicare Corp.*, 710 F.2d 940, 944-45 (2nd Cir. 1983)).

*Adkins v. Christie,* 488 F.3d 1324, 1331 (11th Cir. 2007).

"Rule 26 . . . [(b)(1)] is highly flexible, having been designed to accommodate all relevant interests as they arise . . . " *U. S. v. Microsoft Corp.*, 165 F.3d 952, 959-60 (D.C. Cir. 1999). In particular, considerations of the public interest, the need for confidentiality, and privacy interests are relevant factors to be balanced. *See, e.g., Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 n. 21 (1984) ("Although ... Rule [26(c)] contains no specific reference to privacy or to other rights or interests that may be implicated, such matters are implicit in the broad purpose and language of the Rule.").

At issue in this case is the scope of the deposition of Warden Cynthia Stewart. Specifically, the State seeks to limit Stewart's deposition and any other ADOC witness by forbidding the plaintiffs from "questioning Warden Stewart on the ADOC's training concerning the consciousness assessment." The defendants argue that while the claim that relates to this assessment has not yet been dismissed, it will dismissed because the court has dismissed the claim for other plaintiffs. There is pending before the court a motion for

judgment on the pleadings on this specific claim. The plaintiffs, on the other hand, assert that the motion for a protective order is due to be denied because the consciousness assessment is relevant to claims that remain pending before the court. It is undisputed that not all of the plaintiffs' claims related to the consciousness assessment have been dismissed by the Court and remain pending.

At this juncture, the information the plaintiffs seek is related to a claim or defense and thus may be relevant to the issues before the court. Unless and until the court dismisses the plaintiffs' claims, they are entitled to seek discovery relevant to those claims.

Accordingly, for the reasons as stated and for good cause, it is

ORDERED that the motion for a protective order (doc. # 382) be and is hereby DENIED.

Done this 9th day of April, 2018.

                                            /s/Charles S. Coody
                                            CHARLES S. COODY
                                            UNITED STATES MAGISTRATE JUDGE