IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| In re: Alabama Lethal Injection Protocol Litigation [*Michael Shannon Taylor*, 2:17-CV-46] | ) ) ) ) ) | CASE NO. 2:12-CV-0316-WKW [WO] |

## **MEMORANDUM OPINION AND ORDER**

### **I. INTRODUCTION**

Before the court is a Motion to Reconsider the Denial of Defendants' Motion to Dismiss Michael Shannon Taylor's Time-Barred Eighth Amendment Method-of-Execution Claim (Doc. # 350), filed by Jefferson Dunn in his official capacity as the Commissioner of the Alabama Department of Corrections and by Cynthia Stewart in her official capacity as the Warden of Holman Correctional Facility. Plaintiff Michael Shannon Taylor filed a Response (Doc. # 388), in which he opposes Defendants' motion. Based upon careful review, the motion for reconsideration is due to be granted, and Taylor's Eighth Amendment method-of-execution claim is due to be dismissed on statute-of-limitations grounds.

### **II. STANDARD OF REVIEW**

A district court has broad discretion to reconsider an interlocutory order. *See Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1315 (11th Cir. 2000); *see also United States v. Acosta*, 669 F.2d 292, 293 (5th Cir. Unit B 1982) ("[T]he district

court has broad power to reconsider the correctness of its interlocutory rulings.").[1] It may reconsider an interlocutory ruling "for any reason it deems sufficient." *Canaday v. Household Retail Servs., Inc.*, 119 F. Supp. 2d 1258, 1260 (M.D. Ala. 2000), *aff'd sub nom. Perry v. Household Retail*, 268 F.3d 1067 (11th Cir. 2001).

### III. DISCUSSION

A two-year statute of limitations governs 42 U.S.C. § 1983 actions brought in an Alabama court. *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008). Mr. Taylor's § 1983 Eighth Amendment method-of-execution claim, which he alleged in his original complaint, is barred by the two-year statute of limitations.[2] In its prior Order, the court erred in permitting this claim to survive Defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (*Taylor*, Doc. # 23.)

In their motion to dismiss, Defendants argued that Taylor's method-of-execution claim was time-barred for two reasons. (*Taylor*, Doc. # 14.) Defendants' second reason demonstrates why Mr. Taylor's claim is untimely, but a brief discussion of the first reason is helpful for context.

---

[1] Decisions of Unit B of the former Fifth Circuit are binding precedent in this circuit. *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982).

[2] The complaint was filed in Taylor's original action, *Taylor v. Dunn*, 2:17-CV-046-WKW (M.D. Ala. Jan. 24, 2017), prior to Taylor's complaint being consolidated in the Alabama Lethal Injection Protocol Litigation. References to "(*Taylor*, Doc. # __)" are to the document numbers in Taylor's original action.

First, Defendants contended that Taylor's claim was "a general challenge to Alabama's use of a three-drug protocol" for lethal injection and should have been brought within two years of Alabama's adoption in July 2002 of lethal injection in place of electrocution. (*Taylor*, Doc. # 14, at 7.) In its prior Order, the court appropriately rejected this first argument based upon the Eleventh Circuit's holding in *West v. Warden, Commissioner, Alabama DOC*, 869 F.3d 1289 (11th Cir. 2017).

*West* was an appeal of this court's judgment dismissing on statute-of-limitations grounds Eighth Amendment method-of-execution claims brought by Jeffery Lynn Borden, Charles Lee Burton, and Geoffrey Todd West, all of whom are Plaintiffs in this consolidated action.[3] Reversing the judgment, the Eleventh Circuit concluded that the plaintiffs' complaint "challenge[d] the State's substitution of midazolam for pentobarbital as the first drug in its three-drug protocol," *id.* at 1300, and not the State's "three-drug protocol generally," *id.* at 1298, as this court had found. In other words, in *West*, the "challenge at issue was a specific challenge to the ADOC's use of midazolam in its execution protocol." *Id.* at 1300. And, thus, the claim accrued on September 10, 2014, which was the date Alabama substituted midazolam for pentobarbital in its execution protocol. *See id.* at 1298. Because the plaintiffs in *West* brought their claims within two years of September 10, 2014, their claims were timely. *See id.* Applying the holding in *West*, this court found that

---

[3] It has been reported that Jeffery Lynn Borden died earlier this month, but no party has yet filed a suggestion of death or requested that Borden's action be dismissed.

3

Taylor, like the Plaintiffs in *West*, brought an Eighth Amendment method-of-execution claim that specifically challenged the substitution of midazolam for pentobarbital in Alabama's lethal-injection protocol. (Doc. # 23, at 11, 21.) While this meant that Taylor's claim accrued on September 10, 2014, the court's prior Order stopped short of determining whether the filing date of Taylor's original complaint occurred prior to the running of the two-year statute of limitations. It did not, as Defendants pointed out in their second argument.

For their second argument, Defendants contended that, even if Taylor's claim were a specific challenge to the substitution of midazolam for pentobarbital in Alabama's lethal-injection protocol, his claim would still be time-barred. They are correct. Alabama switched to midazolam as the first drug in its lethal-injection protocol on September 10, 2014, but Taylor did not file his complaint raising his specific challenge to midazolam until January 24, 2017. (Doc. # 14, at 8–9.) Because Taylor did not bring his Eighth Amendment method-of-execution claim within the permitted two-year window, it is barred by the statute of limitations. It is the timing of Taylor's Eighth Amendment method-of-execution claim that distinguishes his case from *West*. The *West* plaintiffs filed their claims within two years of the ADOC's switch to midazolam on September 10, 2014; Taylor did not.

Taylor's contention that his action is timely because he filed it within two years of the December 2016 execution of Ronald Bert Smith does not revive his untimely claim. (Doc. # 388, at 2.) Describing Smith's execution as "torturous,"

Taylor argues that this was the first execution using midazolam that would have alerted a "'typical lay person'" to protect his rights. (Doc. # 388, at 2 (quoting *West v. Ray*, 401 F. App'x 72, 76 (6th Cir. 2010)).) He contends that, because he is relying on the "facts" of Smith's execution to support his Eighth Amendment claim, his complaint is timely. (Doc. # 388, at 2.) Taylor has not shown that his novel theory has any support in the binding precedent of this circuit. Indeed, a like theory was rejected by the majority in the unpublished *West* decision upon which Taylor relies. *See West*, 401 F. App'x at 76 n.1 (rejecting the dissent's theory that an autopsy of a condemned inmate revealed new evidence of suffocation that reset the accrual date for the statute of limitations because the dissent's "approach look[ed] to the strength of the evidence in support of a claim, and not when direct review concluded or the [lethal-injection] method was established — thereby forming the claim" (alterations added)). Thus, Defendants' motion to reconsider is due to be granted, and Taylor's action is due to be dismissed as it was filed beyond the two-year statute of limitation applicable to § 1983 claims.

## IV. CONCLUSION

Accordingly, it is ORDERED that:

1. Defendants' Motion to Reconsider the Denial of Defendants' Motion to Dismiss Michael Shannon Taylor's Time-Barred Eighth Amendment Method-of-Execution Claim (Doc. # 350) is GRANTED.

2. The portion of the Order denying Defendants' Motion to Dismiss with respect to the Eighth Amendment method-of-execution claim in Count 1 of Taylor's original complaint (*see Taylor v. Dunn*, 2:17-CV-46-WKW (Doc. # 23, at 21, ¶ 1)), is VACATED. The Order otherwise remains in effect.

3. Defendants' Motion to Dismiss is GRANTED with respect to Taylor's Eighth Amendment method-of-execution claim in Count 1 of his complaint (*see Taylor v. Dunn*, 2:17-CV-46-WKW (Doc. # 1)), and this claim is DISMISSED WITH PREJUDICE.

4. All claims having been resolved with respect to Plaintiff Michael Shannon Taylor in favor of Defendants, the Clerk of the Court is DIRECTED to close *Taylor v. Dunn*, No. 2:17-CV-46-WKW (M.D. Ala. Jan. 24, 2017), and to make a notation in the court's electronic record that Plaintiff Michael Shannon has been terminated as a Plaintiff in this consolidated action.

5. A final judgment as to Plaintiff Michael Shannon Taylor's action will be entered separately.

DONE this 15th day of June, 2018.

                                          /s/ W. Keith Watkins
                              CHIEF UNITED STATES DISTRICT JUDGE