# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

|   |   |
|---|---|
| In re: Alabama Execution Protocol Litigation | ) ) ) ) ) ) ) Case No: 2:12-cv-316-WKW |

## JOINT MOTION TO DISMISS

Come now all Plaintiffs and all Defendants in this action and respectfully request that this Honorable Court dismiss this lawsuit without prejudice because the causes of action asserted in the consolidated amended complaint have been rendered moot. As grounds, the parties provide the following:

1. On November 29, 2017, Plaintiffs filed a consolidated amended complaint, pursuant to 42 U.S.C. § 1983, in which they alleged that Defendants would violate their constitutional rights by carrying out their executions under Defendants' current lethal-injection protocol. Doc. 348. Specifically, Plaintiffs alleged that Defendants' lethal-injection protocol violated their rights under the First, Eighth, and Fourteenth Amendments. *Id*. at 1-3.

2. On March 22, 2018, Alabama Governor Kay Ivey signed Senate Bill 272 (enrolled as 2018 Alabama Laws Act 2018-353), which amended Section 15-18-82.1 of the Code of Alabama to introduce nitrogen hypoxia as a statutorily

1

approved method of execution in Alabama. Under the amended statute, lethal injection remains the primary method of execution in Alabama, but inmates sentenced to death are provided one opportunity to elect to be executed by nitrogen hypoxia. *See* Ala. Code § 15-18-82.1. For inmates whose death sentences became final prior to the effective date of the act, such as the Plaintiffs, the election must be made in writing and delivered to the warden of their correctional facility within thirty days of the effective date of the act adding this language to Section 15-18-82.1. *Id*. According to the terms of the legislation, Act 2018-353 became effective on June 1, 2018. Thus, the Plaintiffs had until June 30, 2018, to make the necessary election of nitrogen hypoxia, or that alternative method of execution was waived under Alabama law.

3. Prior to June 30, 2018, each surviving Plaintiff (Carey Dale Grayson, Demetrius Frazier, David Lee Roberts, Robin Dion Myers, Gregory Hunt, Geoffrey Todd West, Charles Lee Burton, and David Wilson), submitted paperwork to the Warden of Holman Correctional Facility, in which each elected to be executed by nitrogen hypoxia. *See* Exhibit A.

4. Because of Plaintiffs' elections, all claims in Plaintiffs' current consolidated amended complaint are moot because all claims relate to Defendants' current lethal-injection protocol. *Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001) ("If events that occur subsequent to the filing of a lawsuit or an appeal deprive

the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed."); *Thompson v. Alabama*, 293 F. Supp.3d 1313, 1328 (M.D. Ala. 2017) ("When a claim is moot, the court lacks subject-matter jurisdiction to adjudicate the claim.").

5. Here, Plaintiffs' consolidated amended complaint seeks to enjoin Defendants from carrying out their executions through Defendants' current three-drug midazolam lethal-injection protocol. Because Plaintiffs have elected to be executed by nitrogen hypoxia, rather than lethal injection, pursuant to Section 15-18-82.1, Plaintiffs' claims and causes of action are now moot because their executions will be carried out at the appropriate time by nitrogen hypoxia.

WHEREFORE the premises considered, the parties jointly request that this Court dismiss all claims in Plaintiffs' consolidated amended complaint without prejudice.[1]

Respectfully submitted,

/s/John A. Palombi                      /s/ Thomas R. Govan, Jr.
John A. Palombi                          Thomas R. Govan, Jr.
Federal Defenders                        Deputy Attorney General
Middle District of Alabama               Office of Attorney General
817 South Court Street                   501 Washington Avenue
Montgomery, AL 36104                     Montgomery, AL 36130
Telephone: (334) 834-2099                Telephone: (334) 242-7455
Counsel for Plaintiffs                   Counsel for Defendants

---

[1] Plaintiff Jeffery Borden should likewise be dismissed as a plaintiff in this action. Borden died on June 3, 2018, which abated his causes of action for declaratory and injunctive relief. Thus, Borden should also be dismissed from this action.

3

## **CERTIFICATE OF SERVICE**

I certify that on July 10, 2018, I served a copy of this motion upon counsel for Plaintiffs by filing the same via the Court's CM/ECF system, which shall cause the same to be electronically transmitted to: **John A. Palombi and Spencer J. Hahn.**

*/s/ Thomas R. Govan, Jr.*
Thomas R. Govan, Jr.
*Deputy Attorney General*
State of Alabama

Office of the Attorney General
501 Washington Avenue
Montgomery, AL 36130-0152
Tel: (334) 242-7300
Fax: (334) 353-3637
E-mail: tgovan@ago.state.al.us